Mr. Jutice Bay
delivered the opinion ofthe court.
I have, since the argument, given the subject the best consideration I could, and have looked into the different militia acts, in order to find out the true intent and meaning of the Legislature in regard to the appropriation of the different fines imposed by those acts ; and after the most attentive and diligent research, I am sorry to say, that there is a great deal of obscurity and some contradiction in the different clauses respecting such appropriation. The first clause relied upon in favour of the motion, was the 45th clause of the act of 1794, which declares that “all fines which shall be imposed in any regiment, corps, company or troop, shall be paid into the hands of the pay-master or person acting as such, of such regiment, corps, company or troop, and be paid and appropriated by warrant under the hands of a major part of the field officers, or commanding officer of the corps, or captain, or commanding officer of the company, as the case may be, for the purpose of providing colours, drums, bugles, fifes and trumpets for their respective battalions, corps, companies and troops, i&c. &c.” Now according to this clause, there are three classes of pay-masters to whom these fines are to be paid,
1st. Into the hands of pay-masters of regiments.
2nd. To pay-masters of companies.
3rd. To pay-masters of troops:
It is impossible that all the fines can be paid to all three of those pay-masters; for if they arc paid into the hands pf the pay-masters of regiments, they cannot be paid to *36 the other two classes of pay-masters of companies and troops ; and so in like manner, if they are paid into the hands of either of the other two pay-masters, nothing can be paid to the regimental pay-master, the companies will get the whole. Hence, the evident obscurity and apparent contradiction in the clause itself, in making the same thing payable to three distinct classes of men for the same purposes. And this appears to me to have given rise to the ingenious construction given by the counsel in the argument in favor of this motion, in order to give some kind of consistency to the clause in question, viz: That all fines inflicted by company courts martial for all defaults or neglects committed by the non-commissioned officers and privates of every description, should be paid over to the pay-masters of. the companies or troops in which they were committed; and all fines inflicted on commissioned officers of every grade, should be paid into the hands of the regimental pay-masters for the use of the regiments ; thus making an evident distinction between the fines arising from the default and neglect of the commissioned officers of the regiment, and those arising from the defaults and neglects of the non-commissioned officers and privates, which, no doubt, would make a prodigious difference in the aggregate amount in the course of a year. The clause, however, in the act, is perfectly silent as to this separation and division of fines inflicted by regimental and company-courts martial. It does not say that there shall be any distinction between the fines inflicted by regimental and company courts martial, that one class of fines shall be paid over to a regimental pay-master, and another class paid over to the pay-masters of companies or troops (which includes those of every kind or degree) in any regiment?» company, corps or troop, shall, in the first place, be paid over to the pay-master of the regiment, and then to the pay-masters of the companies and troops, as the case may be, &e.'&c. There is no separation or division in the act'; the whole or none must be paid to one or other of the paymasters mentioned in the clause. Now, the great ques *37 tion in this case is, to which of them are these fines to be paid ? And I candidly confess, that I find great difficulty in giving a direct and positive answer to the question. If I were a Legislator, and was asked the question, to which of them ought these funds to be paid over, I should not hesitate a moment in saying, that the good and prosperity of the whole corps or regiment ought to be prefered to the aggrandizement of any one company before or over another, but that the whole ought to be put upon the same footing to make one efficient complete corps or regiment$ .and that all the funds in the regiment ought to be appropriated to that general purpose. My judicial functions, however, preclude me from giving any such answer to a question of a legislative nature in the present instance, and I find myself greatly relieved from the embarrassment under which I laboured in answering the above question, by resorting, in the present instance, to military usage as the best solution and exposition I can give to the point now before me ; for it came out in the argument against the motion, that it had been the usage and practice ever since the year 1794, when the act passed and the ICth regiment was organized, to pay over these fines into the hands of the regimental pay-master only, for the use of the said regiment, and this was admitted to be a fact by the counsel for this motion. Here then is a military usage for 27 years, a period more than long enough to establish a prescriptive right, and give to a custom, the force of law, for 2Q years will establish a prescriptive right: and this construction was given by military officers, who ought to be the best judges of military law, soon after the act passed, and came into operation ; and it has uniformly been acquiesced in throughout the state of South-Carolina to the present day; and this is the first time it ever was called in question. In looking further into the militia laws of the state, I find that this construction, given by the officers of the regiment soon after its organization, was sanctioned by Legislative authority in the year" 1813, nineteen years after the act-of 1794 had gone into operation. For it is. *38 expressly declared in the 11th clause of the act of 1813, amending the militia laws of the state, “that all fines collected as above, shall be paid into the hands of the paymaster of the regiment to which the delinquents shall respectively belong.” There is no doubt or obscurity in. this clause, which was an amendment of all former militia acts then in force, and it is the last law upon the subject. This act, therefore, in my opinion, ought to have -a governing influence over all the regiments in the state, as it removes all the doubts and obscurities respecting fines, in all the previous acts, and is in exact conformity to the military usage above mentioned. I am therefore of opinion, after a full consideration of this case, that the motion for the prohibition should be rejected, and that the collector ¡of the fines should pay the amount into the hands of the pay-master of the 16'th regiment, for the use of the same. The Judges, after the report of the foregoing case, were unanimously of opinion there were no grounds for the prohibition, and that the motion was very properly discharged. They were further of opinion that these kinds of cases of a military nature were very properly of military cognizance, and ought like all others of the like nature to be submitted to, and determined by, the military tribunals only, and that the Court of Common Pleas ought not to sustain any cognizance of them, unless in cases where the courts martial step out of their jurisdiction and take cognizance of cases which are not within the meaning and pui’view of our militia acts.
He Saicssure, for the motion.
Retigru, contra.
Justices Colcock, Noll, Huger, Gantt, Richardson- and Johnson, concurred.
King, for the motion.
Grimke:, contra.